THE INHABITANTS OF BELGRADE *versus* THE INHABITANTS OF
DEARBORN.

By the statute of 1839, annexing a part of the town of Dearborn, with the
inhabitants " having a legal settlement " on the territory set off, to the town
of Belgrade, such were intended, as were entitled to support and relief
from Dearborn, in case of their falling into distress, whether residing on
the territory at the time of the annexation, or removed therefrom without
having acquired a settlement in any other town.

And by the settlement act of 1821, c. 122, upon the division of towns, those
having a legal settlement therein, and who were absent therefrom at the
time of such division, have their settlement in such town as the part they
dwelt upon shall have fallen into.

Where a person had originally acquired a settlement by living within the
part of Dearborn which was not annexed to Belgrade, but had removed into
the part which was annexed thereto, and lived several years, and there
died, and his family continued to reside there until the annexation took
place, being supported as paupers; *it was held*, that the family had their
settlement in Belgrade.

THIS was an action, commenced Jan. 11, 1841, brought to
recover the amount expended for supplies furnished to several
paupers, alleged to have had their legal settlements in Dear-
born.

Dearborn had once been an incorporated town.    On March
22, 1839, a large portion of the town was annexed to Bel-
grade ; on Feb. 29, 1840, a large part of the residue, with
other land, was incorporated into a new town by the name of
Smithfield ; and on April 20, 1841, the act incorporating the
*town* of Dearborn was repealed, and the corporation, as a
town, dissolved ; the remaining territory was made a planta-
tion, and made liable for the *debts of the town*.

The overseers of the poor of the town of Belgrade, and the
assessors of the plantation of Dearborn, once the town of
Dearborn, agreed to submit the questions of settlement, as to
the paupers named in the suit, to the decision of the Court
upon the following statement of facts.

William Rowe had lived and had his home for more than
five years on that part of the town of Dearborn, which was
annexed to the town of Belgrade by the act of 22d of March,
1839, but had removed from said town of Dearborn into the

original town of Belgrade, prior to said annexation, and was living there at the time, but had not lived there for five years.

Valentine Cook and family, including Eleazer Bickford, lived and had their home on that part of Dearborn, which was incorporated into the town of Smithfield by the act of 29th February, 1840, for more than five years prior to the fall or winter of 1832, and then moved into that part of the town of Dearborn which was annexed to the town of Belgrade by the act of the 22d of March, 1839, and remained there until May, 1837, supporting themselves. They then received some supplies from the town of Dearborn, for which the town retained out of his *surplus revenue* the same amount the next April. Valentine Cook died in Nov. 1837, leaving his family still living on that part since annexed to Belgrade. At the time of the annexation they were supported by the contractor for the support of the poor for the town of Dearborn, he and they residing upon the territory annexed to Belgrade.

John Brooks was an inhabitant of the town of Dearborn, and of that part which was, in the spring of 1839, annexed to Belgrade, and sometime in the month of November or December, 1838, went by virtue of a bargain, made in his behalf by the keeper of the poor in Dearborn, to live in Rome. The bargain made, was, that he might go and live there during the coming winter and until the first of May, provided he should be obliged to do nothing except to cut firewood at the door in pleasant weather, and take care of the few creatures at the barn. When the proposition was made to Brooks, he would not agree to go unless he might return, if he should not like to live there as well as he should where he then was. Sometime in the month of April, 1839, Brooks came back to the same house, and brought all his wearing apparel, which was all the property he owned. Brooks would not go to Rome without the consent of .the keeper of the poor, at whose house he then was, that he might come back, if dissatisfied. Such permission was given to him, and that was the principle he went there upon, and accordingly in April, he returned to the same

house from which he went, stating that the farm had been sold, and that he was not wanted any longer.

Eleazer Bickford, a minor, had a legal settlement derived from his parents in that part of Dearborn now Smithfield, but had removed from the town of Dearborn, a number of years prior to the incorporation of Smithfield, but had gained no settlement elsewhere. The parties made a statement of the amount expended by the plaintiffs for the support of each of the paupers.

It was further agreed, that Belgrade should recover full costs in said action up to the time of the offer, which Dearborn made to be defaulted for a certain sum, likewise for all other costs, if Belgrade shall be entitled to all or any part of said sums claimed for the support of said paupers; but if it be the opinion of the Court, that Belgrade is not entitled to any part of the sum claimed, then Dearborn shall be entitled to full costs from the time of said offer to be defaulted.

*Emmons* argued for the plaintiffs, and cited *New Portland* v. *Rumford*, 13 Maine R. 299; and *Smithfield* v. *Belgrade*, not yet reported. (1 Appleton, 387.)

*Bradbury* argued for the defendants, and cited as to the settlement of Rowe, *Hallowell* v. *Bowdoinham*, 1 Greenl. 199. As to that of Cook, *Fitchburg* v. *Westminster*, 1 Pick. 144; *New Portland* v. *Rumford*, 1 Shepl. 299. And as to that of Brooks, *St. George* v. *Deer Isle*, 3 Greenl. 390.

He also contended, that by the repeal of the charter and dissolution of the corporation, as a town, the inhabitants of the *plantation* of Dearborn were absolved from all liability to support paupers belonging to the *former town* of Dearborn.

The opinion of the Court was afterwards drawn up by

WHITMAN C. J. — The plaintiffs have instituted their suit to recover of the defendants the amount of the expenses incurred in the maintenance of a number of paupers alleged to have their settlement, in the defendants' plantation. The defendants are comprised of that part of the former inhabitants of the former town of Dearborn, remaining after the annexation of

Belgrade v. Dearborn.

different portions of its territory and inhabitants to other towns, of which the plaintiffs received a large share. The inhabitants, so set off, were those " having a legal settlement" on the territory set off. This phraseology could not have been used with an intention of constituting any persons, not actually resident upon the territory set off, citizens of the towns to which the annexations were made. The words " legal settlement," however, as here used, have a sort of technical meaning ; and had reference to the statute providing for the support and maintenance of the poor, which provides, in effect, that all settlements, gained by any of the modes prescribed therein, shall remain until lost by gaining a new settlement elsewhere. A settlement so gained is what is intended by a legal settlement, viz. a settlement, which gives a right to a support from the town in case of falling into distress and becoming necessitous. The meaning of the words might, perhaps, be satisfied by restricting them to such persons as had a legal settlement in Dearborn, and were, at the time of the annexation, actually resident on the parts annexed. But it must be regarded as more consonant to the intention of the legislature, indicated by former enactments, *in pari materia,* to suppose they intended to include here, by the words used, all who had acquired their settlements on the territory annexed to the other towns, although removed therefrom at the time of the annexation. And, moreover, it is provided in the act concerning paupers, that, upon the division of towns, those having a legal settlement therein, and who were absent therefrom at the time of such division, shall have their settlements in such town as the part they dwelt upon shall have fallen into. Keeping this exposition of the statutes in view, we will proceed to consider the several questions arising in this case in reference to the paupers named.

The first, William Rowe, appears to have gained his settlement on that part of Dearborn annexed to Belgrade, but, at the time of the annexation, was living within the prior limits of Belgrade, in which however he had not then resided long enough to acquire a settlement. He therefore, according

to the principles before stated, falls within a class of paupers, which upon the annexation, the inhabitants of Belgrade became liable to support. His having moved into that town, instead of some other, can make no difference.

The second pauper, Valentine Cook, up to the time of the annexation, had his legal settlement in Dearborn; and from 1832 to 1837, when he died, he resided with his family on the part annexed to Belgrade; and his family continued so to reside till after the time of the annexation. Shortly before he died he had received some supplies as a pauper, which had been reimbursed by his *surplus money ;* and his family afterwards had been relieved till the time of the annexation. Under these circumstances we entertain no doubt, but they must be considered as having passed to Belgrade, and thereby had gained a legal settlement therein.

The third pauper, John Brooks, appears to have gained his settlement upon the territory annexed to Belgrade; and although he had left there to work for his board during the winter of 1838—9, and under an expectation of staying away until the first of May then next, yet it was manifestly with an *animo revertendi,* and he did in fact return in April, before the act of annexation went into operation. We think, therefore, that thereafter his legal settlement was changed from Dearborn to Belgrade.

The fourth pauper, Eleazer Bickford, it is admitted, had his legal settlement, derivatively, in Dearborn; and that it was acquired on that part of the town annexed to Smithfield; and it is manifest that he, upon the incorporation of that town, in February, 1840, acquired a settlement there; and, any expense incurred for his relief thereafter, was chargeable to the inhabitants of that town, and not to the defendants. It does not appear that any part of the amount charged on his account, was incurred before that act went into operation, which was on the day of its passage. We cannot, therefore, consider the defendants as liable to pay any part thereof.

Judgment must, according to the agreement of the parties, be entered for the plaintiffs, for the amount for which the de-

fendants offered to be defaulted, with full costs up to the time of such offer ; and for costs for the defendants thereafter.